IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WELLS FARGO BANK, N.A.,
   Plaintiff,
     v.

LINCOLN BENEFIT LIFE
COMPANY,
   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-2890-TWT

**OPINION AND ORDER**

This is an insurance coverage dispute. It is before the Court on the Motion of Defendant Lincoln Benefit Life Company to Strike or Summarily Adjudicate Plaintiff's Claim for Attorneys' Fees [Doc. 48]. For the reasons stated below, the Defendant's Motion is DENIED.

**I. Background**

This case concerns a life insurance policy issued by the Defendant Lincoln Benefit Life Company in 1999 to Najah Almalat.[1] The application for the policy listed a home address for Ms. Almalat in California.[2] That application was signed in

---

[1] Def.'s Statement of Material Facts ¶ 1.

[2] Id. ¶ 2.

California as well.[3] The parties dispute Ms. Almalat's birth date and therefore the amount of benefits that should have been paid following her death.[4] The Plaintiff brought this suit for breach of contract and bad faith failure to pay the claim.[5] The bad faith claim has since been dismissed by this Court.[6] Within the breach of contract claim, the Plaintiff asserts attorney's fees as part of its damages.[7] It is only the claim for attorney's fees at issue today. The Defendant now moves to strike that claim, or in the alternative, for partial summary judgment.[8]

## II. Legal Standards

**A. Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[9] However, "[i]t is axiomatic that motions to strike are not favored

---

[3] Id. ¶ 5.

[4] Id. ¶¶ 10, 15,16; Pl.'s Statement of Add'l Facts ¶¶ 1, 2; Amended Compl. ¶¶ 9, 10.

[5] Amended Compl. ¶¶ 17, 29.

[6] Order [Doc. 24], at 10.

[7] Amended Compl. ¶ 20.

[8] Mot. of Def. Lincoln Benefit Life Co. to Strike or Summarily Adjudicate Pl.'s Claim for Attorneys' Fees, at 2.

[9] FED. R. CIV. P. 12(f).

and are, therefore, infrequently granted."[10] "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied."[11]

**B. Motion for Summary Judgment**

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[12] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[13] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[14] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to

---

[10] United States v. Southern Motor Carriers Rate Conference, 439 F. Supp. 29, 39 (N.D. Ga. 1977).

[11] Daugherty v. Firestone Tire & Rubber Co., 85 F.R.D. 693, 695 (N.D. Ga. 1980) (quoting 2A Moore's Federal Practice, P 12.21(2) (1979)).

[12] FED. R. CIV. P. 56(c).

[13] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[14] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

show that a genuine issue of material fact does exist.[15] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[16]

### III. Discussion

The Defendant moves to strike, or in the alternative to summarily adjudicate, the Plaintiff's claim for attorney's fees.[17] The Plaintiff claims it is entitled to attorney's fees under the Georgia attorney's fees statute.[18] Therein lies the Defendant's objection. Both parties agree that the substance of the contract is governed by California law.[19] At issue, however, is which state's law governs the remedy of attorney's fees.

A federal court sitting in diversity applies the choice of law rules of the forum state to determine which law applies.[20] Therefore, Georgia's choice of law rules apply here. In determining "the validity, nature, construction, and interpretation of a

---

[15] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[16] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[17] Mot. of Def. Lincoln Benefit Life Co. to Strike or Summarily Adjudicate Pl.'s Claim for Attorneys' Fees, at 2.

[18] Pl.'s Opp'n to Mot. of Def. Lincoln Benefit Life Co., at 2.

[19] Id. at 3.

[20] Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).

contract," Georgia courts apply the law of the place where the contract was made.[21] Procedural or remedial questions, however, are governed by the law of the forum.[22]

The Plaintiff seeks attorney's fees as part of its remedy. Because a remedy, as opposed to interpretation of the contract, is at issue, the law of the forum applies. The Plaintiff therefore correctly alleges entitlement to attorney's fees under O.C.G.A. § 13-6-11. Although the Defendant correctly states that statutes covering attorney's fees are substantive for the purposes of an Erie analysis,[23] Erie governs the choice between state and federal law. Regarding attorney's fees, the question is not federal versus state law, but whether California or Georgia law applies.

The Georgia Court of Appeals has recognized that Georgia law governs attorney's fees in contract actions in Georgia, even when the substance of the contract is controlled by another state's law.[24] The Defendant nevertheless relies on Pinkerton

---

[21] Federated Rural Elec. Ins. Exchange v. R.D. Moody & Assocs., Inc., 468 F.3d 1322, 1325 (11th Cir. 2006).

[22] Id.

[23] Mot. of Def. Lincoln Benefit Life Co. to Strike or Summarily Adjudicate Pl.'s Claim for Attorneys' Fees, at 8-9; Pinkerton & Laws, Inc. v. Royal Ins. Co. of America, 227 F. Supp. 2d 1348, 1356 (N.D. Ga. 2002).

[24] Coca-Cola Bottlers' Sales and Servs. Co. LLC v. Novelis Corp., 311 Ga. App. 161 n.1 (2011).

& Laws, Inc. v. Royal Insurance Co. of America,[25] to support its position that California law governs here. In Pinkerton, however, the claim for attorney's fees was based not on O.C.G.A. § 13-6-11, but on O.C.G.A. § 33-4-6.[26] There, the plaintiff had abandoned its claim for attorney's fees under O.C.G.A. § 13-6-11, leaving only a claim under O.C.G.A. § 33-4-6, which is a substantive bad faith penalty.[27] In contrast, O.C.G.A. § 13-6-11 specifically relates to damages.[28] Additionally, it appears in the section of the contracts title specifically related to damages. The attorney's fees claim is, therefore, remedial, meaning that it is governed by Georgia law.

This Court will not strike the Plaintiff's claim for attorney's fees because it is not so impertinent that it will have "no possible bearing" on this case. Additionally, the Defendant moves for summary judgment on the claim on the ground that Georgia law does not apply to the attorney's fees claim.[29] Because this Court finds that Georgia

---

[25] 227 F. Supp. 2d 1348 (N.D. Ga. 2002).

[26] Id. at 1356.

[27] Id. at 1356-57.

[28] O.C.G.A. § 13-6-11 ("The expenses of litigation generally shall not be allowed as *a part of the damages*; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.") (emphasis added).

[29] Mot. of Def. Lincoln Benefit Life Co. to Strike or Summarily Adjudicate Pl.'s Claim for Attorneys' Fees, at 7.

law does apply to that claim, the Defendant's motion for partial summary judgment is denied.

## IV. Conclusion

For the reasons stated above, the Motion of Defendant Lincoln Benefit Life Company to Strike or Summarily Adjudicate Plaintiff's Claim for Attorneys' Fees [Doc. 48] is DENIED.

SO ORDERED, this 22 day of October, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge