IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>LINCOLN BENEFIT LIFE<br>COMPANY,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:13-CV-2890-TWT |

**OPINION AND ORDER**

This is a breach of contract action arising out of a dispute over the proceeds of a life insurance policy. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 67] and the Plaintiff's Motion in Limine to Exclude Evidence of Najah Almalat's Date of Birth in Syrian Records [Doc. 73]. For the reasons stated below, the Defendant's Motion for Summary Judgment is GRANTED. The Plaintiff's Motion in Limine is DENIED.

**I. Background**

In 1999, the Defendant, Lincoln Benefit Life Company, issued a life insurance policy on the life of Najah Almalat.[1] Pursuant to an application amendment, the policy

---

[1] Def.'s Statement of Facts ¶ 1.

was issued with Ms. Almalat's date of birth listed as August 30, 1936.[2] The date of birth on the application was subsequently changed to June 11, 1936, based on information provided to Lincoln Benefit by the Plaintiff, Wells Fargo, or its predecessors in interest.[3] Under the terms of the policy, if there is a misstatement of the insured's age on the application, "any proceeds will be adjusted to the amount which the last monthly deduction, made on or preceding the date of death, would have purchased at the correct age."[4]

Ms. Almalat died in Syria on February 17, 2010.[5] At the time of Ms. Almalat's death, the beneficiary on the life insurance policy was Life Settlements Funds Limited Trust.[6] The Plaintiff is the Sub-Custodian and Securities Intermediary for Caceis Bank Luxembourg – Dublin Branch, as the custodian of assets for Global Insurance Settlements Funds PLC ("GISF").[7] GISF acquired the assets of Life Settlements Wholesale Fund that had been held in trust by Life Settlements Funds Limited Trust.[8]

---

[2] Id. ¶ 5.

[3] Def.'s Response to Pl.'s Statement of Add'l Facts ¶ 3.

[4] Dever Aff., Ex. A, at 13.

[5] Def.'s Statement of Facts ¶ 8.

[6] Pl.'s Resp. to Def.'s Statement of Facts ¶ 7.

[7] Id. ¶ 34.

[8] Id.

Following Ms. Almalat's death, R. Laken Mitchell submitted documents to Lincoln Benefit on behalf of Life Settlements Funds Limited Trust.[9] These documents included a completed and signed Claimant's Statement for Life Insurance Proceeds, which listed Ms. Almalat's date of birth as "01/12/1931."[10] Also included with the documents was a Syrian Death Statement and its English translation, which listed Ms. Almalat's date of birth as "1.12.1931."[11] Additionally, Mr. Mitchell completed a Foreign Death Questionnaire, which listed Ms. Almalat's date of birth as "01/12/1931."[12] Lincoln Benefit also investigated Ms. Almalat's date of birth and obtained a copy and English translation of her birth statement from the Syrian Arab Republic, Ministry of Interior, Civil Affairs.[13]

On March 30, 2011, Lincoln Benefit informed Mr. Mitchell that it had adjusted the face amount of the policy based on the misstatement of age provision.[14] The

---

[9]  Pl.'s Resp. to Def.'s Statement of Facts ¶ 9.

[10] Id. ¶¶ 10-11.

[11] Id. ¶ 14.

[12] Villanueva Decl., at 15.

[13] Pl.'s Statement of Add'l Facts ¶ 32.

[14] Id. ¶ 36.

adjusted face amount, which Lincoln Benefit has paid, is $1,868,927.83.[15] The Plaintiff claims that Lincoln Benefit should have paid the full amount without any adjustment, leaving an additional $1,084,807.17 due.[16] In support of its claim that Lincoln Benefit breached the insurance contract by adjusting the face value, the Plaintiff offers records from the California Department of Motor Vehicles and the Social Security Administration, which both reflect a 1936 birth date.[17] The Plaintiff produced these documents to Lincoln Benefit on July 23 and November 11, 2014, respectively. The Defendant now moves for summary judgment, arguing that it did not breach the contract. The Plaintiff moves to exclude all reference to Ms. Almalat's date of birth in the Syrian records.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[18] The court should view the evidence and any inferences that may be drawn in the light most favorable to the

---

[15] Def.'s Resp. to Pl.'s Statement of Add'l Facts ¶ 38. Lincoln Benefit has also paid $62,673.09 in interest. Pl.'s Resp. to Def.'s Statement of Facts ¶ 20.

[16] Pl.'s Statement of Add'l Facts ¶ 39.

[17] Id. ¶¶ 40-41.

[18] FED. R. CIV. P. 56(a).

nonmovant.[19] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[20] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[21] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[22]

### III. Discussion

**A. Motion in Limine**

The Plaintiff moves to exclude all evidence of Ms. Almalat's date of birth in the Syrian records, claiming that the records are hearsay. Federal Rule of Evidence 801(d)(2)(B) provides that a statement that a party manifests that it adopts or believes to be true, when offered against that party, is not hearsay.[23] Here, there are two Syrian records at issue – the Death Statement and the Birth Statement. The Death Statement was attached, both in original and translated form, to the Plaintiff's claim for benefits.

---

[19]   Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[20]   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[21]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[22]   Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[23]   FED. R. EVID. 801(d)(2)(B).

Additionally, in the space for date of birth, which required an entry, the date of birth was listed as "1/12/1931."[24] The certification on the claim form declares that the answers to the questions are "true and complete."[25] Because this statement is offered against the Plaintiff and the Plaintiff adopted the statement of the date of birth by listing it on the claim form, it is not hearsay. It is admissible as a statement of a party opponent under Rule 801(d)(2)(B).

Furthermore, Rule 803(8) excepts from hearsay records or statements of public offices and Rule 803(9) excepts from hearsay "[a] record of a birth, death, or marriage, if reported to a public office in accordance with a legal duty."[26] Rule 902(3) also recognizes foreign public documents as self authenticating.[27] At least one other district court has admitted a Syrian death statement under Rules 803(8) and 902(3).[28] This Court also finds that the Death Statement meets the public records exception and is properly authenticated.

---

[24]   Dever Aff., Ex. D.

[25]   Id.

[26]   FED. R. EVID. 803(8)-(9).

[27]   Id. 902(3).

[28]   Amica Life Ins. Co. v. Barbor, 488 F. Supp. 2d 750, 756 (N.D. Ill. 2007).

Additionally, the Death Statement was submitted to the Defendant along with the claim form. Those statements are also admissible to show the information presented to the Defendant. Offered for that purpose, the statements are not offered for the truth of the matter asserted and therefore are not hearsay. The Plaintiff's motion to exclude the Birth Statement is moot because as discussed below, this Court relies on only the Death Statement and the Plaintiff's statements on the claim form to reach a decision. The Plaintiff's motion in limine should therefore be denied in its entirety.

### B. Motion for Summary Judgment

The Defendant moves for summary judgment on the Plaintiff's claim for breach of contract, arguing that it properly adjusted the benefit paid based on a misstatement of age. Both parties agree that California law governs this dispute. Under California law, once a party has asserted or adopted a fact, based on the principle of equitable estoppel, it is not permitted to introduce evidence contradicting that fact.[29]

The Claimant's Statement for Life Insurance Proceeds lists Ms. Almalat's date of birth as "1/12/1931."[30] That document contains a certification stating "[b]y making claim to this insurance, I declare, under penalties of perjury, that all the answers as

---

[29] Hoopes v. Dolan, 168 Cal. App. 4th 146, 162 (2008).

[30] Dever Aff., Ex. D.

recorded above are true and complete to the best of my knowledge and belief."[31] Attachments to the Claimant's Statement included a "Foreign Death Questionnaire," which listed Ms. Almalat's date of birth as "01/12/1931" and a death certificate, which also listed Ms. Almalat's date of birth as "1.12.1931."[32] Based on this information, the Defendant adjusted the benefit paid pursuant to the misstatement of age provision in the policy. The Plaintiff now argues that the Defendant's reliance on this information to reduce the death benefit constituted a breach of contract. The Plaintiff additionally attempts to introduce evidence of a different birth date to contradict the Syrian records that it produced in support of its claim for benefits. Essentially, after listing one birth date on the claim form, the Plaintiff now asks this Court to exclude that evidence and instead consider only the American records it attempts to introduce. Under the theory of estoppel, this Court declines to consider the new information and instead binds the Plaintiff to its initial statement. The Plaintiff cannot meet its burden to show a breach of contract. As a matter of law, therefore, the Defendant properly reduced the benefit paid due to a misstatement of age and did not breach the contract. The Defendant's motion for summary judgment should be granted.

---

[31] <u>Id.</u>

[32] <u>Id.</u>

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 67] is GRANTED. The Plaintiff's Motion in Limine [Doc. 73] is DENIED.

SO ORDERED, this 15 day of May, 2015.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge